IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:11-CV-60797

COURTNEY W. THOMPSON,

    Plaintiff,

-v-

GLOBAL CREDIT & COLLECTION
CORPORATION,

    Defendant.
_____/

## ANSWER OF GLOBAL CREDIT & COLLECTION CORPORATION

**COMES NOW** Defendant Global Credit & Collection Corporation ("GCC"), specifically reserving its right to compel arbitration of Courtney W. Thompson's ("Plaintiff") claims, and for its Answer to Plaintiff's Complaint ("Complaint"), states as follows:

1.    In response to paragraph 1 of Plaintiff's Complaint, GCC admits that Plaintiff purports to allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but denies that it violated any law and any other allegations contained in paragraph 1 of Plaintiff's Complaint.

### JURISDICTION AND VENUE

2.    In response to Paragraph 2 of Plaintiff's Complaint, GCC denies the allegations to the extent they call for a legal conclusion and specifically denies that

20490 v1

jurisdiction is appropriate as there has been no violation of law. To the extent a response is required, GCC is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2 of Plaintiff's Complaint, and, therefore, denies the same and demands strict proof thereof.

## PARTIES

3. GCC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3 of Plaintiff's Complaint and, therefore, denies the same.

4. GCC admits that it is a foreign corporation and its principal place of business is located outside the State of Florida. Except as expressly admitted herein, GCC denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. GCC admits the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6. GCC admits the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7. The allegations contained in Paragraph 11 of Plaintiff's Complaint contain a legal conclusion or averment to which a response is not required. To the extent a response is required, GCC states that while at times it may be deemed a "debt collector" as defined by the FDCPA, it lacks knowledge or information

sufficient to form a belief as to whether or not it was a "debt collector" in regard to Plaintiff and, therefore, denies the same.

8. GCC states that it lacks knowledge or information sufficient to form a belief as to whether or not it was a "debt collector" with respect to the collection of Plaintiff's alleged debt and, therefore, denies the same.

## FACTUAL ALLEGATIONS

9. GCC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

10. GCC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint and, therefore, denies the same.

11. GCC lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

12. The allegations contained in Paragraph 11 of Plaintiff's Complaint contain a legal conclusion or averment to which a response is not required. To the extent a response is required, GCC denies the allegations of Paragraph 12 of Plaintiff's Complaint.

13.     GCC is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 13 of Plaintiff's Complaint.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

14.     GCC adopts and realleges its responses to paragraphs 1-13 as if fully set out herein.

15.     GCC denies the allegations set forth in paragraph 15 of Plaintiff's Complaint.

In response to the prayer for relief following paragraph 15 of Plaintiff's Complaint, including all subparts, beginning with WHEREFORE, GCC denies that Plaintiff is entitled to judgment for damages, attorney's fees, expenses, costs or any other relief whatsoever and demands strict proof thereof.

## COUNT II
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

16.     GCC adopts and realleges its responses to paragraphs 1-13 as if fully set out herein.

17.     GCC denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

In response to the prayer for relief following paragraph 17 of Plaintiff's Complaint, including all subparts, beginning with WHEREFORE, GCC denies that

Plaintiff is entitled to judgment for damages, attorney's fees, expenses, costs or any other relief whatsoever and demands strict proof thereof.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

18. GCC adopts and realleges its responses to paragraphs 1-13 as if fully set out herein.

19. GCC denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

In response to the prayer for relief following paragraph 17 of Plaintiff's Complaint, including all subparts, beginning with WHEREFORE, GCC denies that Plaintiff is entitled to judgment for damages, attorney's fees, expenses, costs or any other relief whatsoever and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's claims against GCC are subject to arbitration.

## SECOND DEFENSE

Any violation of state or federal law, to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such error.

## THIRD DEFENSE

Any violation of the law which GCC denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of GCC.

## FOURTH DEFENSE

Plaintiff's claims fail to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Plaintiff's claims against GCC fail to the extent they are barred by the applicable statute of limitations.

## SIXTH DEFENSE

Venue is improper.

## SEVENTH DEFENSE

To the extent Plaintiff has filed for bankruptcy and failed to disclosed her claims, the claims asserted by Plaintiff against GCC are barred based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## **EIGHTH DEFENSE**

GCC reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

DATED this 10th day of May, 2011.

Respectfully submitted,

*s/ Christine Irwin Parrish*
R. Frank Springfield (FL Bar No. 0010871)
Christine Irwin Parrish (FL Bar No. 0014404)
BURR & FORMAN LLP
450 S. Orange Avenue, Suite 200
Orlando, Florida 32801
Telephone: (407) 540-6655
Facsimile: (407) 461-9268
fspringf@burr.com
cparrish@burr.com
Attorneys for Defendant
GLOBAL CREDIT & COLLECTION CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 10th day of May 2011:

> Donald A. Yarbrough
> Post Office Box 11842
> Ft. Lauderdale, FL  33339
> (954) 537-2000

>> *s/ Christine Irwin Parrish*
>> Of Counsel